IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

JUN 1 6 2017

Clerk, U.S. District Court
District Of Montana
Billings

| HECTOR GUILLERMO SMITH MAC DONALD GONZALEZ, | CV 17-34-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| WHITNEY MERLYNN PETERSON, | |
| Defendant. | |

Before the Court is nonparties Tim and Connie Peterson's Motion to Quash subpoenas issued by Hector Gonzalez, or in the alternative, for a protective order. (Doc. 25). For the following reasons, the Court grants in part and denies in part the motion.

I.  **Facts**

On March 14, 2017, Gonzalez filed a Petition for Return of Child to Petitioner pursuant to the 1980 Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601-11610. (Doc. 1). Gonzalez's petition alleges Whitney Peterson, his wife, wrongfully removed the couple's two children from their habitual residence in Mexico City, Mexico. (Doc. 1 at 5). At the time of filing, it

1

was Gonzalez's belief that Whitney was holding the children at her parent's home in Livingston, Montana. (Doc. 1 at 7).

Gonzalez has been unable to locate Whitney to serve her with the Petition. Gonzalez moved the Court for leave to conduct discovery for the limited purpose of locating Whitney so that she may be served. (Doc. 21). The Court determined good cause existed to conduct limited discovery and granted Gonzalez's motion. (Doc. 23). Gonzalez subpoenaed Whitney's parents, Tim and Connie Peterson (the Petersons), to attend depositions and produce documents and communications concerning the Petersons' interactions with Whitney over the past year. (Docs. 25-7 and 25-8). Gonzalez scheduled the depositions to take place in Livingston, where Tim and Connie Peterson live. (Doc. 25-8 at 1). Gonzalez made twelve specific requests for documents. (Doc. 25-8 at 3-4). Document request numbers 1 and 2 contained the limitation "related to [Whitney's] present whereabouts and her whereabouts over the course of the previous year." (Doc. 25-8 at 3). Document request numbers 3, 4, and 5, did not contain the limitation. (Doc. 25-8 at 3-4).

The Petersons contacted Gonzalez and stated they have no information regarding the whereabouts of Whitney and the children. (Doc. 25-7). Gonzalez responded that he would accept sworn affidavits in lieu of depositions. (Doc. 25-7). Gonzalez provided the Petersons with prepared affidavits and agreed to delay the depositions pending the Petersons' response. (Doc. 25-7).

2

The Petersons did not sign Gonzalez's prepared affidavits. Instead, the Petersons filed a motion to quash the subpoenas and submitted sworn declarations stating, among other things, the following:

23. I do not have any reason to believe that Whitney has traveled or intends to travel to Montana.

24. Whitney has not revealed her location (or that of the children) to myself.

25. I do not know Whitney or the children's location or where they intend to reside now or in the future.

(Doc. 25-3 at 5-6; Doc. 25-2 at 4-5).

## II. Law

Broad discretion is vested in the trial court to permit or deny discovery. *Kobold v. Good Samaritan Regional Medical Center*, 832 F.3d 1024, 1047 (9th Cir. 2016).

On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i-iv). Any person from whom discovery is sought may move

3

for a protective order in the court where the action is pending. Fed. R. Civ. P. 26(c)(1).

## III. Discussion

The Petersons make five arguments. First, they argue the Court should quash the subpoenas because Gonzalez has not established good cause for discovery prior to the Rule 26(f) conference. Second, they argue the Court should quash the subpoenas because the Court may not have personal jurisdiction over Whitney. Third, they argue the Court should issue a protective order if it does not quash the subpoenas. Fourth, they argue the Court should grant the Petersons costs and attorney fees incurred in responding to the subpoenas. And fifth, they argue counsel for Gonzalez should be excluded from the proceedings because, in their view, she is a necessary lawyer-witness on the issue of whether there is good cause for discovery prior to the Rule 26(f) conference.

### A. Good cause for discovery prior to the Rule 26(f) conference

The Petersons' good cause argument fails for two reasons. First, the Court has already determined good cause exists for discovery prior to the Rule 26(f) conference. (Doc. 23). Second, an absence of good cause for discovery prior to the Rule 26(f) conference is not one of the delineated grounds for quashing a subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A)(i-iv). The Petersons' motion is denied.

## B.     Jurisdiction

The Petersons' jurisdiction argument fails for three reasons. First, only Whitney may challenge this Court's exercise of personal jurisdiction over her. *See* Fed. R. Civ. P. 12(b) ("[A] *party* may assert the following defenses by motion) (emphasis added). Second, a lack of personal jurisdiction over the defendant is not one of the delineated grounds to quash a subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A)(i-iv). And third, the limited purpose of discovery prior to the Rule 26(f) conference is to determine Whitney's whereabouts so that she may be served with the Petition. Whether the Court has personal jurisdiction over Whitney is an issue addressed after service. *See* Fed. R. Civ. P. 12(b)(2). The Petersons' motion is denied.

## C.     Protective Order

The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding the discovery or limiting the scope of disclosure or discovery. Fed. R. Civ. P. 26(c)(1). To show good cause, a person must demonstrate that specific prejudice or harm will result if no protective order is granted. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002).

The Petersons argue Gonzalez's subpoena for financial documents and communications with Whitney are burdensome and oppressive. The Court agrees, in part.

The Court's order granting discovery prior to the Rule 26(f) conference states "[Gonzalez] may conduct discovery for the limited purpose of trying to determine [Whitney's] whereabouts for purposes of service of process." (Doc. 23). Document request numbers 3, 4, and 5 establish good cause to issue a protective order because they go beyond the scope of the Court's discovery order and are therefore burdensome and oppressive. Whereas document request numbers 1 and 2 are limited to documents related to Whitney's present whereabouts and her whereabouts over the course of the previous year, document request numbers 3, 4, and 5 contain no such limitation. (Doc. 25-8 at 5-6). Instead, document request numbers 3, 4, and 5 request all direct and indirect communications with Whitney during the previous year, whether the communications are related to Whitney's present and previous whereabouts or not. (Doc. 25-8 at 5-6). The Court reiterates that discovery is limited to the purpose of determining Whitney's whereabouts and amends document request numbers 3, 4, and 5 to include the limitation "related to Whitney's present whereabouts and her whereabouts over the course of the previous year."

The Petersons also argue they may suffer harm by disclosure of financial records as requested in document request numbers 10, 11, and 12. (Doc. 25-8 at 6). The Court agrees that financial records have the potential to cause tangible harm. However, the Court is also cognizant that the financial records may contain information concerning Whitney's present and past whereabouts. The Court orders the parties to confer and file a stipulated proposed protective order that limits the disclosure of any documents produced in response to document request numbers 10, 11, and 12.

The Petersons' motion is granted in part and denied in part.

**D.  Costs and fees**

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). The Court must enforce this duty and impose an appropriate sanction, which may include lost earnings and reasonable attorney's fees, on a party or attorney who fails to comply. Fed. R. Civ. P. 45(d)(1).

The Court denies the Petersons' request to order Gonzalez to pay their costs and attorney's fees incurred in filing the motion to quash and for a protective order. Gonzalez took reasonable steps to avoid imposing significant costs on the Petersons, including arranging to depose the Petersons where they live, offering to

rearrange depositions to accommodate schedules, and preparing affidavits for the Petersons to sign in lieu of depositions. The Petersons' motion is denied.

E.  **Exclusion of Gonzalez's counsel**

Rule 3.7 of the Montana Rules of Professional Conduct states "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless . . . the testimony relates to an uncontested issue."

The Petersons argue counsel for Gonzalez must be excluded because she is a necessary lawyer-witness on the issue of whether there is good cause for discovery prior to the Rule 26(f) conference. As stated above, the Court has already determined good cause exists for discovery prior to the Rule 26(f) conference. (Doc. 23). Counsel for Gonzalez is not a necessary lawyer-witness because good cause is not a contested issue. The Petersons' motion is denied.

IV.  **Conclusion**

For the foregoing reasons, the Court grants in part and denies in part the Petersons' motion.

DATED this 16th day of June, 2017.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge